IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ray Leshawn Dowdle,<br><br>        Plaintiff,<br><br>v.<br><br>Sheriff Steve Mueller, in his individual and official capacities; Steven Mckinley, in his individual capacity; John Doe #1, in his individual capacity; John Doe #2, in his individual capacity; Richard Roe #3, in his individual capacity; Richard Roe, in his individual capacity; and Cherokee County,<br><br>        Defendants. | C/A No. 4:25-cv-12630-JFA-TER<br><br><br>**ORDER** |

Plaintiff Ray Leshawn Dowdle, proceeding through counsel, filed this civil action alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

In response to the Complaint, Defendant Stephen McKinney[1] filed a motion to dismiss. (ECF No. 5). After Plaintiff failed to respond to the motion, the Magistrate Judge prepared a thorough Report and Recommendation[2] ("Report"). (ECF No. 16). Within the

---

[1] As noted in the Report, Plaintiff's original caption identifies this defendant as "Steven McKinley." However, based on the Motion to Dismiss, the correct spelling appears to be "Stephen McKinney."

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Report, the Magistrate Judge opines that the motion should be granted. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

All parties were advised of their right to object to the Report, which was entered on the docket on June 12, 2026. *Id.* The Magistrate Judge required any objection to be filed by June 26, 2026. *Id.* No party filed objections. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, each party failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior filings indicates that the Magistrate Judge correctly concluded that McKinney's motion should be granted.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 16). Therefore, this motion (ECF No. 5) is granted, and McKinney is dismissed

without prejudice. This matter is recommitted back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

July 23, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

3