IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ray Leshawn Dowdle,<br><br>                    Plaintiff,<br><br>v.<br><br>Sheriff Steve Mueller, in his individual and official capacities; Steven Mckinley, in his individual capacity; John Doe #1, in his individual capacity; John Doe #2, in his individual capacity; Richard Roe #3, in his individual capacity; Richard Roe, in his individual capacity; and Cherokee County,<br><br>                    Defendants. | C/A No. 4:25-cv-12630-JFA-TER<br><br><br><br>**ORDER** |

## I.      INTRODUCTION

Plaintiff Ray Leshawn Dowdle, proceeding through counsel, filed this civil action alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

In response to the Complaint, Defendants Sheriff Steve Mueller and Cherokee County filed a motion to dismiss. (ECF No. 6). After reviewing the motion and all responsive briefing, the Magistrate Judge prepared a thorough Report and Recommendation ("Report"). (ECF No. 17). Within the Report, the Magistrate Judge opines that the motion should be granted. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

1

Plaintiff filed objections (ECF No. 19), to which Defendants responded (ECF No. 22). Plaintiff also filed a reply to Defendants' filing. (ECF No. 27). Moreover, Plaintiff filed a motion to amend the complaint in an attempt to remedy several issues noted in the Report. (ECF No. 20). That motion has been fully briefed. Because the motion to amend substantially overlaps with the objections to the Report, each will be addressed in this order.

## II.     LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6

(D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion to dismiss for failure to state a claim is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

## III.   DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Relevant here, Counts I and II of the complaint allege a violation due to excessive force and medical indifference by officers/employees of the detention center all with regard to the incident of August 7, 2022. The Magistrate Judge

3

analyzed Plaintiff's complaint and concluded that Defendants Cherokee County and Steve Mueller's Motion to Dismiss (ECF No. 6) should be granted and the claims set forth in Counts I and II of the complaint against Defendants Sheriff Mueller and Cherokee County and the claims for injunctive and declaratory relief be dismissed.

In response to the Report, Plaintiff lodges a single objection averring that the Report does not address whether the recommended dismissal of Sheriff Steve Mueller as to Counts I and II should be with or without leave to amend. Plaintiff avers that the pleading deficiencies identified in the Report can be cured via an amended complaint. To that end, Plaintiff filed a motion to amend the complaint simultaneously with the filing of his objections. (ECF No. 20). Within the motion to amend, Plaintiff avers that his proposed amended complaint cures the pleading deficiency the Report identified in Counts I and II by providing additional factual allegations as to Sheriff Mueller's role. Plaintiff does not object to any other portion of the Report.

Defendants responded to Plaintiff's objections and likewise oppose Plaintiff's motion to amend. Defendants aver that Plaintiff's proposed amended complaint is futile and therefore the motion to amend should be denied and his objections overruled.

Given the above, Plaintiff's objection is intertwined with his motion to amend, and they will rise and fall together. Accordingly, the court will first address the motion to amend the complaint.

<u>Motion to Amend</u>

"The law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the

part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)(cleaned up).

"To determine whether a proposed amended complaint would be futile, the Court reviews the revised complaint under the standard used to evaluate a motion to dismiss for failure to state a claim." *Brown v. First Advantage Background Servs. Corp.*, No. 1:23CV195, 2023 WL 7033908, at *1 (M.D.N.C. Oct. 26, 2023)(internal citations and quotations omitted). Therefore, a motion to amend a complaint is futile if the proposed claim would not survive a motion to dismiss. *Id.*

Here, Plaintiff avers that he has corrected the identified deficiencies as to Sheriff Mueller within Counts I and II of the complaint which both assert Fourteenth Amendment violations. The Report succinctly noted the deficiencies Plaintiff now seeks to remedy:

> In Counts I and II, Plaintiff does not allege any facts establishing that Defendant Mueller personally participated in any wrongful acts that violated his constitutional rights.
>
> In the response in opposition to the Motion to Dismiss, Plaintiff argues that "Sheriff Mueller's liability is properly alleged based on his role as the final policymaker for Cherokee County regarding detention center operations." (ECF No. 8 at 7). Indeed, Plaintiff has raised such allegations against Sheriff Mueller but not in Counts I and II. In Count IV, Plaintiff asserts a claim against Sheriff Mueller in his Official Capacity for "Failure to Train, Supervise, and Maintain Constitutional Policies." In Count V, Plaintiff asserts a claim against Sheriff Mueller in his Individual Capacity for "Individual Liability for Constitutional Violations," in which he essentially alleges a theory of supervisory liability. Sheriff Mueller has not moved to dismiss Counts IV or V. Thus, those claims against Sheriff Mueller remain pending.
>
> However, as discussed above, no facts are alleged which could conceivably provide a basis for a finding that Sheriff Mueller was personally involved in the alleged claim of excessive force and deliberate indifference to his medical need and substantial risk of harm as alleged in Counts I and II

5

of the complaint. Thus, dismissal of Counts I and II against Defendant Sheriff Mueller should be granted.

(ECF No. 17, p. 8-9).

In response to this criticism, Plaintiff offers "narrow and targeted" amendments which "pleads Sheriff Mueller's policy and supervisory role directly within Counts I and II." (ECF No. 20, p. 1). However, a review of the proposed amended complaint reveals that Plaintiff has failed to cure the deficiencies as to Sheriff Mueller.

To assert a claim for excessive force or failure to provide medical care, Plaintiff must plead that Sheriff Mueller, through his own individual actions, violated his constitutional rights. "In order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). The Amended complaint attempts to assert claims against Mueller for excessive force and to provide medical care. (ECF No. 20-1).

However, there is no allegation that Sheriff Mueller had any personal involvement when Plaintiff was detained at the Detention Center. Plaintiff does not allege that Sheriff Mueller had any interactions with Plaintiff or was even at the Detention Center when Plaintiff was detained. Instead, the proposed amended complaint expressly states that "Plaintiff does not allege that Sheriff Mueller personally deployed force against him." (ECF No. 20-1, ¶ 61). Further the proposed amended complaint speaks only to Mueller's failure in training or to establish adequate policies and procedures. (ECF No. 20-1, ¶ 39-

6

40, 61). The modifications to Counts I and II in Plaintiff's proposed amended complaint are legally deficient to support claims against Sheriff Mueller for excessive force and deliberate indifference to a serious medical need. Consequently, Plaintiff's proposed amended complaint is futile.

Plaintiff appears to admit such an amendment is unnecessarily duplicative, as he stated that "the Report itself recognizes that these [amended] allegations are already in the case and sustain Counts IV and V, the same allegations cannot be futile when pleaded in Counts I and II." (ECF No. 20). Plaintiff is mistaken. The fact that Mueller's actions may support a *Monell*[1] style claim as to certain policies and customs does not also give rise to individual liability for excessive force and deliberate indifference to medical needs. Accordingly, Plaintiff's proposed amendments fail to save Counts I and II as to Mueller.[2] Therefore, Plaintiff's motion to amend the complaint is denied as futile.

Objection

Given the above, Plaintiff's objection to the Report likewise fails. Plaintiff has failed to show any error in the Report and has failed to demonstrate an ability to resurrect Counts I and II as to Mueller with an amended pleading. Plaintiff's single objection related only

---

[1] In *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), the Supreme Court determined that "municipalities and other local government units" are subject to suit pursuant to Section 1983. But, to hold a municipality liable for a constitutional violation pursuant to *Monell*, a plaintiff must establish "the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." *Cooper v. City of Wheeling*, 169 F.4th 220, 227 (2026).

[2] As noted in the Report, Counts IV and V against Mueller were unchallenged and remain pending.

7

to his desire to cure the pleading deficiencies in Counts I and II. Because his proposed amendment is futile, his related objection must be overruled.

The court adopts the remainder of the Report without objection. In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court has reviewed the Report and finds no error.

## IV.  CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 17). For the reasons discussed above and in the Report, Defendants Cherokee County and Steve Mueller's Motion to Dismiss (ECF No. 6) is granted and the claims set forth in Counts I and II of the complaint against Defendants Sheriff Mueller and Cherokee County and the claims for injunctive and declaratory relief are dismissed. Additionally, Plaintiff's motion to amend the complaint (ECF No. 20) is denied. This matter is recommitted back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

July 23, 2026                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge

8